UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Wilbert Glover, | No. 22-cv-1459 (KMM/ECW) |
| Plaintiff, | |
| v. | **ORDER** |
| Wells Fargo Bank, Karen Lawson, Amber H., Destiny R., Brittany, Ajzhanb, and Maria, | |
| Defendants. | |

---

The Plaintiff, Wilbert Glover, brought this case *pro se* against Defendants, Wells Fargo Bank and several individuals. On January 18, 2023, the Court issued an Order granting Defendants' partial motion to dismiss Mr. Glover's complaint, and the case is going forward now on a subset of Mr. Glover's claims. This matter is now before the Court on a document Mr. Glover filed on March 14, 2023 which is given the title "Objection." [Dkt. 55.] In it, Mr. Glover seeks disqualification of the undersigned District Judge pursuant to 28 U.S.C. § 455 on grounds of prejudice and bias. [*Id.* at 1.]

Under Section 455, a judge shall be disqualified "in any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "[D]isqualification is required if a reasonable person who knew the circumstances would question the judge's impartiality, even though no actual bias or prejudice has been shown." *United States v. Wisecarver*, 644 F.3d 764, 771 (8th Cir. 2011) (citations omitted). "[T]he party seeking disqualification bears the substantial burden" of overcoming the presumption that a judge

1

is impartial. *United States v. Dehghani*, 550 F.3d 716, 721 (8th Cir. 2008). District judges should not disqualify themselves unnecessarily and are given discretion to resolve motions for their disqualification. *United States v. Walker*, 920 F.2d 513, 516 (8th Cir. 1990).

In his Objection, Mr. Glover references three previous rulings by the undersigned that haven't gone his way. [Dkt. 55 at 2.] First, in *Glover v. City of St. Paul Police*, No. 18-cv-223 (JRT/KMM), Dkt. 68 (D. Minn. Feb. 18, 2020), the undersigned, while serving as a United States Magistrate Judge, recommended that the City of St. Paul and several of its police officers be granted summary judgment in a lawsuit that Mr. Glover filed against them under 42 U.S.C. § 1983 concerning an investigation into a kidnapping. That recommendation was adopted by then Chief Judge John R. Tunheim. *Id.*, Dkt. 73 (D. Minn. July 6, 2020). Second, Mr. Glover was the Plaintiff in *Glover v. Wells Fargo*, No. 22-cv-928 (KMM/ECW), Dkt. 1 (D. Minn. Apr. 13, 2022). The undersigned dismissed that lawsuit, which was this action's predecessor, because the claims articulated in the original complaint and the supplemental pleading did not adequately state a claim for relief. *Id.*, Dkt. 5 (D. Minn. May 26, 2022). Finally, five days after that dismissal, Mr. Glover filed this case, asserting many of the same claims, but putting forth a slightly more detailed set of factual allegations. [Dkt. 1.] As noted, the Court granted Defendants' partial motion to dismiss earlier this year.

The Court finds that Mr. Glover has not demonstrated that recusal or disqualification is warranted. *Powell v. Wal-Mart Stores, Inc.*, No. CV 19-1590 (JRT/SER), 2019 WL 4917122, at *2 & n.3 (D. Minn. Oct. 4, 2019) (noting that whether disqualification is required is decided in the first instance by the judicial officer whose

impartiality has been questioned). Mr. Glover points only to the undersigned's prior adverse decisions, but "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). "For recusal to be required, there must be 'a deep-seated favoritism or antagonism that would make fair judgment impossible.'" *Powell*, 2019 WL 4917122, at *2 & n.4 (quoting *Liteky*, 510 U.S. at 555). There has been no such showing in this case. Indeed, Mr. Glover does not point to any judicial remarks by the undersigned that imply the favoritism he suggests the Court bears toward his opponents' counsel, or any other bias or prejudice. *See Devisme v. City of Duluth*, No. 21-CV-1195 (WMW/LIB), 2022 WL 507391, at *2 (D. Minn. Feb. 18, 2022) ("Devisme's motions provide no evidence or specific factual allegations that could reasonably demonstrate bias or prejudice."), *aff'd*, No. 22-1572, 2022 WL 6872000 (8th Cir. Oct. 12, 2022).

For these reasons, Mr. Glover's request for disqualification of the undersigned pursuant to 28 U.S.C. § 455 is **DENIED**.

Date: March 30, 2023

    *s/Katherine Menendez*
Katherine Menendez
United States District Judge